## THE GUANICA CENTRAL

### v.

## PEDRO RAMIREZ ET AL.

Ponce, Equity, No. 236.

A "speaking" demurrer is not proper pleading, and will be overruled. An answer is the proper pleading when all the facts do not appear on the face of the bill.

Opinion filed November 10, 1908.

*Messrs. Tord, Toro, & Canales,* attorneys for the complainant.

The Guanica Central v. Ramírez.

*Mr. Esteban Ramirez,* attorney for the respondents.

RODEY, Judge, delivered the following opinion:

This matter is before us on the general demurrer of the respondents to the bill of complaint. The suit is a peculiar one, for the specific performance of a contract and the foreclosure of a mortgage. Briefs on the issue raised by the demurrer have been filed by the respective counsel, and they have taken considerable trouble in supporting the technical position assumed by each.

After full examination of the question, we are of opinion that the bill, on the whole, is not subject to general demurrer. We come to this conclusion more particularly because we can see from the statements and arguments set forth in the briefs referred to, that there probably are a great many surrounding alleged equities or facts connected with the rights of the parties, and that therefore, as stated by us in our decision in Wilson v. Arecibo, 2 Porto Rico Fed. Rep. 289, 290, we cannot intelligently pass upon the issues without having all such facts before us. The demurrer being general in terms, counsel attempts to support it by his brief, which sets forth the facts, in effect makes out of it what is known in law as a speaking demurrer, which is never proper, an answer being the proper mode of raising an issue in that regard when all of the same do not appear from the face of the bill.

The demurrer will therefore be overruled; but this action is no indication as to whether or not the court believes all the rights set forth in the bill are in fact enforceable in equity. As to that we express no opinion at this time.

The Guanica Central v. Ramirez.

We find from a stipulation filed in the case, under date of October 13, 1908, that, in the event the demurrer is decided in favor of complainant, respondents shall have ten days within which to plead further or answer. Therefore respondents are given ten days from this date to answer, the court being of opinion that any other pleading would, under the circumstances, be useless, as it is desired to have the issue raised at once as to whether or not this class of contract and mortgage, under circumstances such as respondents' brief indicates exist, is, as matter of law, enforceable in a court of equity.